UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PEARL POLANCO, CAROL MCCARTHY, and
WILMA STEEL-LOPEZ, *on behalf of themselves
and all other employees similarly situated,*

                            Plaintiffs,

                 v.

THE BROOKDALE HOSPITAL MEDICAL
CENTER,

                          Defendant.

Case No. 11-CV-2102 (JBW)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STAY DISCOVERY

Dated: New York, New York
       August 26, 2011

Lorie E. Almon
Jeremi L. Chylinski
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Kristin G. McGurn
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

Attorneys for Defendant

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................... ii

I.  PRELIMINARY STATEMENT ...................................................................... 1

II.  ARGUMENT ................................................................................................ 2

    A.  Plaintiff's State Law Claims Are Preempted ...................................... 2

    B.  Plaintiffs' FLSA Claims Are Still Precluded by Federal Labor Law. ................ 5

    C.  Plaintiffs' Minimum Wage Claims Must Be Dismissed ..................... 8

    D.  Plaintiffs' Wage Claims Do Not Satisfy Applicable Pleading Standards ................ 11

    E.  The Court Should Stay The Proceedings During The Pendency Of The Motion ............ 15

III.  CONCLUSION .......................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................................12, 15

*14 Penn Plaza LLC v. Pyett*,
    129 S. Ct. 1456 (2009) ........................................................................................................2, 7

*Adair v. City of Kirkland*,
    185 F.3d 1055 (9th Cir. 1999) ...............................................................................................11

*Adames v. Exec. Airlines, Inc.*,
    258 F.3d 7 (1st Cir. 2001) ....................................................................................................2, 4

*Albrecht v. Wackenhut Corp.*,
    379 Fed. Appx. 65 (2d Cir. 2010) ..........................................................................................15

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202 (1985) .................................................................................................................3

*Arnold v. Arkansas*,
    910 F. Supp. 1385 (E.D. Ark. 1995) .....................................................................................10

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
    450 U.S. 728 (1981) ..............................................................................................................6, 7

*Bell Atl. Corp. v. Twombly:*,
    *550 U.S. 544 (2007)* ..........................................................................................................12, 15

*Blankenship v. Thurston Motor Lines, Inc.*,
    415 F.2d 1193 (4th Cir. 1969) .................................................................................................9

*Braddock v. Madison County*,
    34 F. Supp. 2d 1098 (S.D. Ind. 1998) ...................................................................................10

*Castiglione v. Papa*,
    2011 U.S. App. LEXIS 10517 (2d Cir. May 23, 2011) .........................................................12

*Caterpillar, Inc. v. Williams*,
    482 U.S. 386 (1987) .................................................................................................................3

*Cavallaro v. UMass Mem. Health Care, Inc.*,
    No. 09-CV-40152 (FDS), 2011 U.S. Dist. LEXIS 61003 (D. Mass. June 8, 2011) ...............12

*Cavallaro v. UMass Mem'l Health Care, Inc.*,
    No. 09-40181, Dkt. No. 33 (D. Mass. filed July 2, 2010) .......................................................4

*Chao v. Gotham Registry, Inc.*,
  514 F.3d 280 (2d Cir. 2008).................................................................14

*Charles Dowd Box Co. v. Courtney*,
  368 U.S. 502 (1962)...........................................................................3

*Conzo v. City of N.Y.*,
  667 F. Supp. 2d 279 (S.D.N.Y. 2009)..................................................8, 10, 11

*D'Amato v. S. Conn. Gas. Co.*,
  No. 97-CV-838, 2000 U.S. Dist. LEXIS 18960, at *7 (D. Conn. Sept. 8, 2000) ....................2

*Davis v. City of Loganville*,
  No. 04-CV-068, 2006 U.S. Dist. LEXIS 20795 (M.D. Ga. Mar. 27, 2006)............................10

*DeBose v. Broward Health*,
  2009 U.S. Dist. LEXIS 117509 (S.D. Fla. Dec. 17, 2009) ......................................14

*DelCostello v. Int'l Bhd. of Teamsters*,
  462 U.S. 151 (1983)...........................................................................3

*Ellis v. Harpercollins Publ'rs, Inc.*,
  No. 99 Civ. 12123, 200 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000)..........................2

*Faehnrich v. Bentz Metal Prods. Co.*,
  253 F.3d 283 (7th Cir. 2001) (en banc) .......................................................5

*Forrester v. Roth's I.G.A. Foodliner, Inc.*,
  646 F.2d 413 (9th Cir. 1981) ................................................................13

*Freundt v. Allied Tube & Conduit Corp.*,
  No. Civ. 06 C 2210, 2007 U.S. Dist. LEXIS 87852 (N.D. Ill. Nov. 29, 2007) ....................6

*Frye v. Baptist Mem'l Hosp., Inc.*,
  No. 07-2708, 2011 U.S. Dist. LEXIS 45605 (W.D. Tenn. 2011)...................................13

*Guippone v. BH S&B Holdings LLC*,
  681 F. Supp. 2d 442 (S.D.N.Y. 2010)..........................................................9

*Hart v. Rick's Cabaret Int'l Inc.*,
  No. 09 Civ. 3043 (JGK), 2010 U.S. Dist. LEXIS 137129 (S.D.N.Y. Dec. 17, 2010)............13

*Hawaiian Airlines v. Norris*,
  512 U.S. 246 (1994)...........................................................................5

*Hensley v. MacMillan Bloedel Containers, Inc.*,
  786 F.2d 353 (8th Cir. 1986) ................................................................9

iii

*Heyer v. Morris Okun, Inc.*,
  No. 03 Civ. 2218, 2003 U.S. Dist. LEXIS 14495 (S.D.N.Y. Aug. 19, 2003) .......................... 3

*Holzapfel v. Town of Newburgh*,
  145 F.3d 516 (2d Cir. 1998) ........................................................................................... 14

*Hoops v. Keyspan Energy*,
  No. 10-CV-2777, 2011 U.S. Dist. LEXIS 23117 (E.D.N.Y. Mar. 8, 2011) ............................ 8

*Kosakow v. New Rochelle Radiology Assocs.*,
  274 F.3d 706 (2d Cir. 2001) ......................................................................................... 7, 14

*Leahy v. City of Chicago*,
  96 F.3d 228 (7th Cir. 1996) ............................................................................................. 6

*Levy v. Verizon Info. Servs.*,
  498 F. Supp. 2d 586 (E.D.N.Y. 2007) ........................................................................... 2, 3

*Lingle v. Norge Div. of Magic Chef*,
  486 U.S. 399 (1988) ........................................................................................................ 3

*Livadas v. Bradshaw*,
  512 U.S. 107 (1994) ........................................................................................................ 2

*Local 174, Teamsters v. Lucas Flour Co.*,
  369 U.S. 95 (1962) .......................................................................................................... 3

*Maciel v. City of Los Angeles*,
  542 F. Supp. 2d 1082 (C.D. Cal. 2008) ......................................................................... 11

*Manning v. Boston Med. Ctr. Corp.*,
  No. Civ. 09-11724, 2011 U.S. Dist. LEXIS 29165 (D. Mass. Mar. 10, 2011) ...................... 5

*Marshall v. Sam Dell's Dodge Corp.*,
  451 F. Supp. 294 (N.D.N.Y. 1978) ................................................................................. 11

*Martin v. Lake County Sewer Co.*,
  269 F.3d 673 (6th Cir. 2001) ........................................................................................... 6

*Monahan v. County of Chesterfield*,
  95 F.3d 1263 (4th Cir. 1996) ......................................................................................... 10

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  No. 10-CV-2661, 2011 U.S. Dist. LEXIS 8585 (S.D.N.Y. Jan. 28, 2011) .............. 3, 8, 13, 14

*Nichols v. Mahoney*,
  608 F. Supp. 2d 526 (S.D.N.Y. 2009) ....................................................................... 11, 15

*Peabody v. Weider Publ'ns, Inc.*,
    260 Fed. Appx. 380 (2d Cir. 2008)...................................................................9

*Perez v. Jasper Trading, Inc.*,
    No. 05-CV-1725, 2007 U.S. Dist. LEXIS 92375 (E.D.N.Y. Dec. 17, 2007) ..........................11

*Pruell v. Caritas Christi*,
    No. 09-cv-11466 (GAO), 2010 U.S. Dist. LEXIS 101770
    (D. Mass. Sept. 27, 2010) .......................................................................2, 4, 5, 13

*Reich v. N.Y. City Transit Auth.*,
    45 F.3d 646 (2d Cir. 1995) .......................................................................7

*Robertson v. Bd. of County Commr's*,
    78 F. Supp. 2d 1142 (D. Colo. 1999).......................................................................11

*Sampson v. MediSys Health Network, Inc.*,
    No. 10-CV-1342, 2011 U.S. Dist. LEXIS 12697 (E.D.N.Y. Feb. 8, 2011)..........................3, 8

*Seever v. Carrols Corp.*,
    528 F. Supp. 2d 159 (W.D.N.Y. 2007).......................................................................7

*Singh v. City of N.Y.*,
    524 F.3d 361 (2d Cir. 2008) .......................................................................7

*Textile Workers Union v. Lincoln Mills of Ala.*,
    353 U.S. 448 (1957).......................................................................3

*Townsend v. BC Natural Chicken LLC*,
    No. Civ. 06-4317, 2007 U.S. Dist. LEXIS 8282 (E.D. Pa. Feb. 2, 2007) ..........................6

*Tran v. Tran*,
    54 F.3d 115 (2d Cir. 1995).......................................................................7

*United States v. Klinghoffer Bros. Realty Corp.*,
    285 F.2d 487 (2d Cir. 1960).......................................................................8, 9, 10, 11

*United Steelworkers of Am. v. American Mfg. Co.*,
    363 U.S. 564 (1960).......................................................................3

*United Steelworkers of Am. v. Enter. Wheel & Car Corp.*,
    363 U.S. 593 (1960).......................................................................3

*United Steelworkers of Am. v. Rawson*,
    495 U.S. 362 (1990).......................................................................3

*Vadino v. A. Valey Engineers*,
    903 F.2d 253 (3d Cir. 1990).......................................................................6

*Vera v. Saks & Co.*,
   335 F.3d 109 (2d Cir. 2003)..................................................................................................3

*Whalen v. J.P. Morgan Chase & Co.*,
   569 F. Supp. 2d 327 (W.D.N.Y. 2008)................................................................................11

*Wis. Cent. Ltd. v. Shannon*,
   516 F. Supp. 2d 917 (N.D. Ill. 2007), *aff'd on other grounds*, 539 F.3d 751 (7th Cir.
   2008) .....................................................................................................................................5

*Zhong v. August August Corp.*,
   498 F. Supp. 2d 625 (S.D.N.Y. 2007)..................................................................................13

**STATUTES & RULE**

29 U.S.C. § 185 .............................................................................................................................6

29 U.S.C. §§ 201-219 ....................................................................................................................8

29 U.S.C. § 203(g) ........................................................................................................................14

29 U.S.C. § 254(a)(2) ....................................................................................................................15

29 C.F.R. § 778.315 ......................................................................................................................10

29 C.F.R. § 778.317 ......................................................................................................................10

29 C.F.R. § 778.322 ......................................................................................................................10

N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1 and ...............................................................11

Fed. R. Civ. P. 8 ...........................................................................................................................15

# I.    PRELIMINARY STATEMENT

Plaintiffs' Opposition - relying on outdated case law and misguided rhetoric - lacks analytical substance and offers no reason why the Complaint should not be dismissed.  The conditions of Plaintiffs' employment, including their rates of pay, what constitutes an hour "worked," schedules, meal and rest breaks, shift and float bonuses, longevity pay, premium pay and pay differentials, are all governed by a long-standing collective bargaining agreement ("CBA") between Brookdale and the 1199 Service Employees International Union, United Healthcare Workers East (the "1199 Union").  Plaintiffs may not circumvent the CBA by conveniently failing to mention it in their Complaint,[1] or by claiming that they seek only to enforce statutory rights and, rather inconceivably, not the actual hourly rate the CBA commands.  Because Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims are necessarily intertwined with, and require analysis and interpretation of, the CBA's provisions, they are preempted by federal labor law and must be dismissed.

Moreover, Plaintiffs fail to plead facts that plausibly support any entitlement to relief, as a cursory review of the Complaint and CBA reveal.  Even reading the pleading in a light favorable to Plaintiffs and assuming that they worked "approximately" 45 hours per week (*see* Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pls. Opp."), at 2), Plaintiffs earned significantly more than the prevailing minimum wage for all hours allegedly worked and fail to plead actual factual support for viable overtime claims.  Their attempt to avoid the strictures of the CBA should not be countenanced, and their wage claims

---

[1] "[Even] [w]hen a party chooses not to attach to the complaint . . . a document . . . which is integral to the complaint. . . . [i]t is appropriate to consider the CBA in ruling on a rule 12(b)(6) motion to dismiss raising issues of LMRA preemption based on the existence of the CBA."  *D'Amato v. S. Conn. Gas. Co.*, No. 97-CV-838, 2000 U.S. Dist. LEXIS 18960, at *7 (D. Conn. Sept. 8, 2000).

must be dismissed as a matter of law for the reasons set forth below and in Brookdale's opening
Memorandum In Support Of Its Motion To Dismiss ("Memorandum").

## II.   ARGUMENT

### A.   Plaintiff's State Law Claims Are Preempted

Plaintiffs argue that their substantive NYLL rights arise independent of the parties' robust
bargaining so the CBA is irrelevant and Section 301 of the Labor Management Relations Act
("LMRA") does not apply.  Plaintiffs' argument manifests a fundamental misunderstanding of
the relevant law.  For example, in *Livadas v. Bradshaw*, 512 U.S. 107 (1994), the Supreme Court
held that when liability is governed by a non-negotiable state law right and the meaning of the
CBA is not in dispute, the fact that the CBA must be consulted is no reason to preempt the state
law unless the CBA contains a "clear and unmistakable" waiver of the state law right.[2]  *See
Livadas*, 512 U.S. at 124-25.  However, Plaintiffs' argument conveniently overlooks that even a
claim based on non-negotiable state law rights - including state minimum wage and overtime
claims -  is preempted if a court has to interpret a CBA to resolve them, as the Court would have
to do here.  *See, e.g.*, *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 9-10 (1st Cir. 2001); *Pruell v.
Caritas Christi*, No. 09-CV-11466, 2010 U.S. Dist. LEXIS 101770, at *11 (D. Mass. Sept. 27,
2010); *Levy v. Verizon Info. Servs.*, 498 F. Supp. 2d 586 (E.D.N.Y. 2007); *Ellis v. Harpercollins
Publ'rs, Inc.*, No. 99-CV-12123, 200 U.S. Dist. LEXIS 8598 (S.D.N.Y. June 21, 2000).

As significantly, Section 301 is not a mere grant of jurisdiction or venue.  Rather, the
Supreme Court has held that it requires the federal courts to adopt, interpret and apply a federal
common labor law.  *See Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450-51

---

[2]  Subsequent cases suggest that the "clear and unmistakable" waiver standard pertains to a waiver of a
judicial forum, not a waiver of the right itself.  *See 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009).
It is axiomatic that a waiver of a non-negotiable right cannot occur.

(1957); *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507-08 (1962); *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95 (1962). Simply put, "[w]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a Section 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citation omitted); *see also Vera v. Saks & Co.*, 335 F.3d 109, 115-16 (2d Cir. 2003) (NYLL claims over deductions permitted by a labor agreement preempted); *see also Levy*, 498 F. Supp. 2d at 600 (NYLL wage claim preempted); *Heyer v. Morris Okun, Inc.*, No. 03-CV-2218, 2003 U.S. Dist. LEXIS 14495, at *10 (S.D.N.Y. Aug. 19, 2003) (same).[3] Here, Plaintiffs cannot avoid preemption because the LMRA preempts any claim that is substantially dependent upon an analysis of the terms of such an agreement, and Plaintiffs' claims are. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 410 (1988); *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 366 (1990).

Indeed, in four essentially identical putative collective actions before him, Judge Paul A. Crotty dismissed state law claims on Section 301 pre-emption grounds. *See Nakahata v. New York-Presbyterian Healthcare Sys.*, No. 10-CV-2661, 2011 U.S. Dist. LEXIS 8585, at *29 (S.D.N.Y. Jan. 28, 2011). Judge Sandra J. Feuerstein did so as well. *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342, 2011 U.S. Dist. LEXIS 12697, at *28 (E.D.N.Y. Feb. 8, 2011). Two federal judges in Massachusetts reached the same result on essentially similar

---

[3]  Here, Plaintiffs' claims cannot be treated as Section 301 claims because the CBA requires that such claims be resolved in arbitration. *See United Steelworkers of Am. v. American Mfg. Co.*, 363 U.S. 564 (1960); *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960). Individual employees may also sue for alleged breaches, but only if they also plead and prove a violation of the union's statutory duty of fair representation. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-65 (1983). Plaintiffs do not allege that the unionized members of the putative class have exhausted their contractual grievance/arbitration rights or that they have been frustrated from doing so, which would be a pre-requisite to such a "hybrid suit."

pleadings.  *See Pruell v. Caritas Christi*, 2010 U.S. Dist. LEXIS 101770, at *3; *Cavallaro v.

UMass Mem'l Health Care, Inc.*, No. 09-CV-40181, Dkt. No. 33, at *9 (D. Mass. filed July 2,

2010).  Like these other litigations, adjudication of Plaintiffs' claims here would require

interpretation of the CBA to determine whether and under what circumstances the activities they

allege are legally compensable, and at what applicable rate(s) of pay.  Contrary to the rhetoric in

Plaintiffs' Opposition, Brookdale does not suggest that the CBA waives non-negotiable state law

wage and hour rights.  It insists, however, that the Court cannot resolve whether these rights

were infringed without interpreting the CBA.  The labor contract shows that such interpretation

is unavoidable.  (*See* Docket No. 8 - relevant excerpts from SEIU United Healthcare Workers

CBA attached as Exhibit A to the Declaration of Judith Selman ("Selman Dec."), dated July 15,

2011).

      First, this Court would have to interpret the CBA to determine liability.  In calculating

"wages," both the number of hours worked and the rate of pay determine liability. Brookdale's

CBA contains numerous, overlapping provisions governing what counts as an hour "worked"

and the amount employees should be paid for each of those hours.  In some circumstances, the

CBA even requires Brookdale to pay employees for hours spent not actually "working."[4]  To

determine liability – e.g., whether "wages" were paid – therefore, the Court would have to

analyze the terms of the CBA to decide both the number of hours Plaintiffs "worked" and the

applicable rate of pay for each of those hours.  "Such analysis . . . is interpretation."  *Adames*,

258 F.3d at 13.[5]  *See also Manning v. Boston Med. Ctr. Corp.*, No. 09-CV-11724, 2011 U.S.

---

[4] For example, Article XIII states that "the following paid absences shall be considered as time worked for the purposes of computing overtime" and goes on to list six different types.  (Selman Dec., Ex. A.)

[5] Although *Adames* was decided under the Railway Labor Act, the same analysis is applicable to preemption under Section 301 of the LMRA.  *See Hawaiian Airlines v. Norris*, 512 U.S. 246, 263 (1994); *Adames*, 258 F.3d at 12 n.3.

Dist. LEXIS 29165, at *6 (D. Mass. Mar. 10, 2011); *Pruell*, 2010 U.S. Dist. LEXIS 101770, at

*11; *Faehnrich v. Bentz Metal Prods. Co.*, 253 F.3d 283, 289 (7th Cir. 2001) (en banc) ("If the . .

. amount due [employees covered by CBAs] were at issue, the CBA would control; almost

certainly, interpretation of the agreement would be necessary and would be subject to the

arbitration procedures in the contract.  So as to that determination, preemption would apply.");

*Wis. Cent. Ltd. v. Shannon*, 516 F. Supp. 2d 917, 924 (N.D. Ill. 2007) ("[d]etermining whether

Plaintiff's employees worked a particular number of hours and what pay they received is not a

matter of simply looking at their pay stubs, but instead requires interpretation and application of

various provisions contained in the CBAs."), *aff'd on other grounds*, 539 F.3d 751 (7th Cir.

2008).

      In addition to interpreting the CBA to establish liability, this Court would need to do the

same to determine damages, if any.  Should liability be found, damages would be calculated as

the difference between what Brookdale should have paid Plaintiffs and what it in fact paid them.

The issues of liability and damages merge in wage and hour cases like this one.  For example, in

evaluating claims virtually identical to Plaintiffs' claims against Brookdale, the court in *Pruell*

found preemption where "multiple CBA provisions must be consulted and applied to establish

the plaintiffs' wage rates, and because consulting and applying multiple provisions amounts to

'interpretation' of the CBAs, Section 301 preempts the plaintiffs' statutory wage claims."

*Pruell*, 2010 U.S. Dist. LEXIS 101770, at *11.  The result should be no different here.

**B.**    **Plaintiffs' FLSA Claims Are Still Precluded by Federal Labor Law.**

      Plaintiffs' Opposition misinterprets Brookdale's preclusion argument, claiming that

because Plaintiffs do not allege a breach of the CBA it must have "nothing to do with resolution

of the [wage] claims."  (Pls. Opp. at 7).  This conclusion misses the point.  Brookdale agrees

with Plaintiffs that Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §

185, does not "preempt" their FLSA claims.  Nor does Brookdale quibble with the proposition

that Plaintiffs may not be required to pursue their substantive FLSA rights in arbitration because

the FLSA gives them substantive rights that are "independent" of their rights under the CBA and

the CBA may not contain a "clear and unmistakable" waiver of their right to pursue their FLSA

claims in court.

However, Brookdale does take issue with the conclusion Plaintiffs draw from these

principles; namely, that Plaintiffs have no obligation to have an arbitrator interpret the CBA

before bringing FLSA claims in federal court that depend on what the CBAs mean.  The Seventh

Circuit held the opposite of what Plaintiffs argue in their Opposition in *Leahy v. City of Chicago*,

96 F.3d 228 (7th Cir. 1996) (dismissing FLSA claim because contractual grievance fully

protects FLSA rights).  So did the Third Circuit in *Vadino v. A. Valey Engineers*, 903 F.2d 253

(3d Cir. 1990), and the Sixth Circuit in *Martin v. Lake County Sewer Co.*, 269 F.3d 673 (6th Cir.

2001) (FLSA claims under labor agreements are precluded by Section 301 of the LMRA);

*see also Freundt v. Allied Tube & Conduit Corp.*, No. 06-CV-C2210, 2007 U.S. Dist.

LEXIS 87852, at *7 (N.D. Ill.  Nov. 29, 2007) (dismissing FLSA claim for overtime

because it would require analysis and application of labor agreement overtime provisions);

*Townsend v. BC Natural Chicken LLC*, No. 06-CV-4317, 2007 U.S. Dist. LEXIS 8282, at

*12 (E.D. Pa. Feb. 2, 2007) (FLSA "donning and doffing" claim dismissed because it would

require interpretation and application of express contractual provision regarding "wash up

time").  All of these courts held that while FLSA rights are independent of CBA rights, an

arbitrator and not a judge should resolve CBA interpretation issues before a plaintiff can file suit

asserting an FLSA claim.

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) does not require a

different result.  *Barrentine* held that the submission of an employee's claim for violation of the

FLSA's minimum wage provisions to contractual dispute resolution pursuant to a CBA did not

preclude a later lawsuit because "FLSA rights cannot be abridged by contract or otherwise

waived because this would 'nullify the purposes' of the statute and thwart the legislative policies

it was designed to effectuate" and, thus, "congressionally granted FLSA rights take precedence

over conflicting provisions in a collectively bargained compensation arrangement."  *Id.* at 740-

41.  Nevertheless, *Barrentine* does not hold that a claim that an employer did not pay for all

hours worked should not be arbitrated before a plaintiff files suit in court.  Rather, it merely

holds that submission of an FLSA claim to arbitration does not preclude a later lawsuit.

Assuming that this principle survives *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009), it

does not speak to the question of whether labor law principles require arbitration to precede

litigation where it is necessary to interpret a collective bargaining agreement to resolve an FLSA

claim.[6]

      Thus, *Leahy*, *Vadino*, *Martin* and their progeny control.  The terms and conditions of

Plaintiffs' employment are governed by terms collectively bargained for by Brookdale and the

1199 Union.  The CBA on its face complies with the FLSA and defines "work" by stipulating the

circumstances for which employees will be paid as well as the rates at which employees must be

paid.  (Selman Dec., Ex. A.)  Accordingly, Plaintiffs' claims must first be pursued through the

---

[6]  While Plaintiff cites *Tran v. Tran*, 54 F.3d 115 (2d Cir. 1995) for the proposition that if an FLSA claim
does not hopelessly embroil the Court in interpretation and application of a CBA it is not precluded, that
case is inapposite.  Here, determination of claims related to missed meal breaks and post-liminary
activity require more than just multiplying the hours in question by an hourly rate.  *See, e.g.*, *Singh v.
City of N.Y.*, 524 F.3d 361, 367-68, 371 (2d Cir. 2008); *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646,
650 (2d Cir. 1995); *Kosakow v. New Rochelle Radiology Assocs.*, 274 F.3d 706, 721 (2d Cir. 2001);
*Seever v. Carrols Corp.*, 528 F. Supp. 2d 159, 169 (W.D.N.Y.  2007).  As outlined here and in
Brookdale's opening papers, the Court would be required to consider longevity pay, shift
differentials, vacation pay, yearly raises, and the like to resolve the claims.

grievance and arbitration provisions of the CBA.  Only then, after the collective bargaining

agreement has been interpreted, may Plaintiffs pursue their FLSA claims in court.  *See Hoops v.*

*Keyspan Energy*, No. 10-CV-2777, 2011 U.S. Dist. LEXIS 23117 (E.D.N.Y. Mar. 8, 2011)

("Where, as here, 'the alleged violations hinges on the collective bargaining agreements'

definition of the terms of employment, they must be brought under the LMRA and in accordance

with the agreement's grievance and arbitration provisions.") (quoting *Nakahata*, 2011 U.S. Dist.

LEXIS 8585, at *23).[7]  Until then, Plaintiffs FLSA claims must be dismissed, as a matter of law.

**C.**     **Plaintiffs' Minimum Wage Claims Must Be Dismissed**

Plaintiffs cannot avoid dismissal by clinging to their poorly-pled minimum wage claims.

The FLSA mandates payment of a minimum wage for non-overtime hours, and overtime pay

rates for work above the specified maximum hours.  *See* 29 U.S.C. §§ 201-219.  As pled, it is

difficult to ascertain Plaintiffs' claims precisely.  The Complaint may appear to allege claims for

pay for work performed below the overtime threshold.  However, when an employee works

fewer than forty (40) hours in a week, and is paid for those hours at a rate of at least the

minimum wage, the employee cannot state a claim under the FLSA.  *United States v. Klinghoffer*

*Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1960); *see Sampson*, 2011 U.S. Dist. LEXIS

12697, at *11-13; *Conzo v. City of N.Y.*, 667 F. Supp. 2d 279, 282-84 (S.D.N.Y. 2009).  Indeed,

there is no factual allegation that this occurred here.  Moreover, those courts that have addressed

the question agree that an employee cannot state a claim if his average wage, for a period in

which he worked no overtime, exceeds the minimum wage because the premium overtime

requirements do not apply until an employee has worked in excess of the statutory overtime

requirement.  *See Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir.

---

[7] *Barrentine* supports this conclusion because, after remand, the court in *Barrentine* would have no reason
to interpret the CBA since an arbitrator had already done so.

1969) ("the employer was in compliance with the minimum wage provisions and . . . there was no statutory violation [of the FSLA] so long as 'each employee received during each week compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate'") (citation omitted); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) ("A violation of section 206(a) [of the FLSA] occurs when an employee is paid at a rate that is below the minimum rate. . . . However, no violation occurs so long as the total weekly wage rate paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.") (citations omitted).

Here, impermissibly attempting to bolster their pleading with Opposition argument,[8] Plaintiffs state that the "rights [they] seek to enforce in the instant action are for minimum wage for all hours worked and overtime for hours worked beyond forty per week." (Pls. Opp. at 6.) They further allege that they "always" worked "approximately" 45 hours per week (Pls. Opp. at 2), *i.e.*, over the statutory overtime requirement. They apparently attempt to recover so-called "gap time" for weeks in which they allegedly worked overtime hours. That theory is inconsistent with the well-established *Klinghoffer* rule, which holds that no FLSA violation occurs with respect to non-overtime hours unless the total wage paid to an employee in a given workweek divided by the total number of hours worked falls below the minimum wage rate. *See id.*

District courts disagree about whether such a claim is cognizable and the Second Circuit has yet to rule. The Fourth Circuit's decision in *Monahan v. County of Chesterfield*, 95 F.3d

---

[8] *See Peabody v. Weider Publ'ns, Inc.*, 260 Fed. Appx. 380, 384 (2d Cir. 2008) (complaint may not be amended via supplemental information in a party's brief); *Guippone v. BH S&B Holdings LLC*, 681 F. Supp. 2d 442, 446 (S.D.N.Y. 2010) ("The fact that at least some of the omitted information can be found in . . . plaintiff's opposition to the motions to dismiss does not cure the pleading defects.")

1263, 1273 (4th Cir. 1996) is instructive, and consistent with the Department of Labor's ("DOL's") interpretations,[9] which supports the view that gap time claims are not cognizable when the applicable employment contract provides compensation for all non-overtime hours.  *Id. at* 1282 (claims for gap time are not cognizable under the FLSA "when the employer has not violated the FLSA's minimum wage/maximum hour provisions"); *see Conzo,* 667 F. Supp. 2d at 282-84 (same). Here, an analysis of the CBA explicitly reveals that it provides such remuneration (Selman Dec., Ex A.), thereby also warranting preemption and mandating dismissal of Plaintiffs' claims.

Many district courts have held that claims for gap time worked in weeks of over 40 hours are simply not cognizable under the FLSA, setting aside CBA contractual obligations, as long as the employee was paid at or above the statutory minimum wage for all non-overtime hours.  *See Braddock v. Madison County*, 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998); *Davis v. City of Loganville*, No. 04-CV-068, 2006 U.S. Dist. LEXIS 20795, at *22-23 (M.D. Ga. Mar. 27, 2006); *Arnold v. Arkansas*, 910 F. Supp. 1385, 1394 (E.D. Ark. 1995).  Applying the rationale of these courts, Plaintiffs still have no viable claim because it cannot be seriously disputed that their average wage for the first 40 hours of work per week is above the minimum.[10]

Accordingly, whichever rationale is adopted, Plaintiffs simply cannot allege a claim for minimum wages under either the FLSA or the NYLL because their Complaint pleads no plausible facts to support such claims.  *See Conzo,* 667 F. Supp. 2d at 287 (no gap time claim

---

[9] 29 C.F.R. §§ 778.315, 778.317 and 29 C.F.R. § 778.322.

[10] For example, the CBA provides that "[e]ffective December 1, 2010" the "lowest full-time minimum weekly rate" for Plaintiffs was $659.51.  (*Id.*)  Thus, even if Plaintiffs worked 45 hours per week, their hourly rate of pay was $14.65 per hour ($659.51 / 45 = $14.65) - more than *twice the applicable minimum wage* of $7.25 per hour.  The same holds true for 2009 ($640.30 / 45 = $14.22), 2008 ($621.65 / 45 = $13.81), and 2007 ($603.54 / 45 = $13.41).  (Selman Dec., Ex. A.)

allowed where "employment contract provides compensation for all non-overtime hours");

*Marshall v. Sam Dell's Dodge Corp.*, 451 F. Supp. 294, 303 (N.D.N.Y. 1978) ("If the total wage

paid to each [employee] in this case during any given week is divided by the total time he

worked that week, the resulting average hourly wage exceeds [the minimum wage] for every

week and every [employee] involved.  We believe this is all that is necessary to meet the

requirements of § 206(a) [of the FLSA].").[11]

 The relevant portions of the NYLL do not diverge from the FLSA and thus, Plaintiffs'

NYLL claims fail for the same reasons.  *See Nichols v. Mahoney*, 608 F. Supp. 2d 526, 548

(S.D.N.Y. 2009); *Whalen v. J.P. Morgan Chase & Co.*, 569 F. Supp. 2d 327, 329-330

(W.D.N.Y. 2008); *Perez v. Jasper Trading, Inc.*, No. 05-CV-1725, 2007 U.S. Dist. LEXIS 92375

(E.D.N.Y. Dec. 17, 2007); N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1 and 2.2.  Plaintiffs'

FLSA and NYLL minimum wage claims must therefore be dismissed.

**D.** **Plaintiffs' Wage Claims Do Not Satisfy Applicable Pleading Standards**

 Plaintiffs' Opposition does nothing to save their claims from dismissal for the

independent reason that the Complaint fails to meet the applicable pleading standards established

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009).  Courts do not hesitate to dismiss wage claims for failure to meet the pleading standard,

including with prejudice.  *See e.g.*, *Cavallaro v. UMass Mem. Health Care, Inc.*, No. 09-CV-

---

[11] *See also Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) ("The district court properly rejected any minimum wage claim . . . finding that [the plaintiffs'] salary, when averaged across their total time worked, still paid them above minimum wage."); *Maciel v. City of Los Angeles*, 542 F. Supp. 2d 1082, 1097 (C.D. Cal. 2008) ("No violation [of the FLSA's] minimum wage requirements occurs so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.") (citing *Klinghoffer Bros. Realty Corp.*, 285 F.2d at 490); *Robertson v. Bd. of County Commr's*, 78 F. Supp. 2d 1142, 1159 (D. Colo. 1999) ("Defendant's practice of not paying for 'gap time' cannot be considered a violation of the FLSA.").

40152 (FDS), 2011 U.S. Dist. LEXIS 61003, at *22-23 (D. Mass. June 8, 2011) (granting motion

to dismiss plaintiffs' FLSA claims with prejudice, stating that "[t]he clear inference is that

plaintiffs have made a deliberate choice not to cure" the "deficiencies" in their complaint); *see

also* Brookdale's Memorandum at pp. 13-14 (citing ten recent district court dismissals of FLSA

claims on *Twombly* grounds).

Likewise, Plaintiffs' reliance on labels and conjecture as a substitute for plausible facts

violates the central tenet of the Supreme Court's decisions in *Iqbal* and *Twombly*: "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  To be plausible, the

allegations must have "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Castiglione v. Papa*, No. 10-CV-2491, 2011

U.S. App. LEXIS 10517, at *5 (2d Cir. May 23, 2011).

Plaintiffs were required to allege plausible facts to support their contention that

Brookdale employed an *unlawful* "common policy or practice of failing to pay." (Compl. ¶ 25.)

Plaintiffs plead virtually no factual allegations in support of this bald assertion, and aside from

naming this alleged policy or practice a "unilateral" deduction, they allege only vague and

unfounded conclusions and not specific facts.  They do not state how much of the Plaintiffs'

time, even approximately, was *unlawfully* deducted as a result of this alleged "common policy or

practice."[12]   (Compl. ¶ 7.)

Rather, as noted above in II.C., Plaintiffs fail to state plausible wage claims, at a

minimum, because they do not plead their approximate weekly wage or rate.  A complaint

---

[12] For example, standing alone, an employer policy providing for automated deduction for meal breaks
does not violate the FLSA.  *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2011 U.S. Dist. LEXIS
45605, at *27 (W.D. Tenn. 2011).

alleging a minimum wage violation must allege – at least approximately – the weekly wages and hours worked.  *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) ("[C]laim under the FLSA to recover unpaid minimum or overtime wages should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due."); *Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *21-22 (dismissing FLSA claim where, among other things, plaintiff failed to "allege any specific facts about the plaintiffs' . . . pay"); *Hart v. Rick's Cabaret Int'l Inc.*, No. 09-CV-3043 (JGK), 2010 U.S. Dist. LEXIS 137129, at *12-13 (S.D.N.Y. Dec. 17, 2010) ("It is true that *Zhong* and the cases that rely on it say that 'a claim under the FLSA to recover unpaid minimum . . . wages should indicate the applicable rate of pay and the amount of unpaid minimum . . . wages due'. . . . [T]his statement stems . . . from the requirement that the Court be able to determine whether the Complaint alleges wages below those required by the FLSA - as the Complaint must do to survive a motion to dismiss.") (citation omitted); *Pruell*, 2010 U.S. Dist. LEXIS 101761, at *7 ("[The plaintiffs] have failed to allege facts, namely their approximate weekly wages and hours worked, that would nudge their minimum wage claim over the line from speculative to plausible.").  Plaintiffs did not do so.  Accordingly, their wage claims are insufficiently pled and must be dismissed.

Plaintiffs overtime claims also fail.  They contend that they performed compensable work at times without being paid, but not one of them alleges facts showing that she missed even one specific meal break or worked past a specific shift in one specific week in which she worked over forty hours.  *See Nakahata*, 2011 U.S. Dist. LEXIS 8585, at *21-22 (dismissing substantially similar claims because there were "no factual allegations about . . . .which lunches and breaks were worked through without proper compensation").  Similarly, Plaintiffs plead *no* facts to establish that Brookdale was actually or constructively aware that Plaintiffs were

performing such work without compensation.  The FLSA defines "employ," in relevant part, to "suffer or permit to work,"  29 U.S.C. § 203(g), to which courts have applied a knowledge requirement.  *See Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998) ("[A]n employer cannot suffer or permit an employee to perform services about which the employer knows nothing."); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008) ("It is clear an employer's actual or imputed knowledge that an employee is working is a necessary condition to finding the employer suffers or permits that work."); *Kosakow*, 274 F.3d at 720 (same) (citation omitted); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414-15 (9th Cir. 1981) (explaining that knowledge affords an employer the opportunity to comply, and noting "where the acts of an employee prevent an employer from acquiring knowledge, here of alleged uncompensated overtime hours, the employer cannot be said to have suffered or permitted the employee to work.").[13]

Plaintiffs nevertheless baselessly allege that they have satisfied the relevant pleading standard because the Complaint states that they "worked through their purported meal periods and after the end of their scheduled shifts" and because it "references unilateral deductions and Defendant's failure to pay for Plaintiffs meal periods and post-shift work."  (Pls. Opp., p. 11-12.) This is not enough.  Plaintiffs do not include allegations estimating the aggregate hours for which they allegedly were not paid, *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 546 (S.D.N.Y. 2009), or the premium rate for hours they worked in excess of forty hours per week, if any, during the application limitations period.  Plaintiffs likewise fail to allege facts to support a plausible claim

---

[13] *See also DeBose v. Broward Health*, 2009 U.S. Dist. LEXIS 117509, at *34-36 (S.D. Fla. Dec. 17, 2009) (judgment for employer where plaintiffs presented no evidence that employer knew employees were regularly working through meal periods).

that (or why or for how long) they performed *compensable* work during missed meal breaks or post-shift.[14]   Accordingly, their claims must be dismissed.

**E.   The Court Should Stay The Proceedings During The Pendency Of The Motion**

Finally, as the Court explained in *Iqbal*, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*, 129 S. Ct. at 1950. Indeed, unlocking the doors of discovery or further proceedings in this case, based only on Plaintiffs' groundless and conclusory Complaint, would expose Brookdale to unwarranted and significant burden and expense and potentially embroil current and former employees holding numerous job titles over a period of six years in baseless distraction.  *See Twombly*, 550 U.S. at 560 n.6 (the problem of discovery abuse cannot be solved by case management or by careful scrutiny of evidence at the summary judgment stage).  Having failed to establish the plausibility of their own claims, Plaintiffs' Opposition papers also fail to demonstrate why a stay is inappropriate.

---

[14] This is critical because not all time spent on work related tasks off-shift is compensable.  For example, "postliminary" activity such as changing clothes is not compensable.  *Albrecht v. Wackenhut Corp.*, 379 Fed. Appx. 65, 66 n.1 (2d Cir. 2010); 29 U.S.C. § 254(a)(2) (no obligation to pay for activities that are "postliminary to principal activities, which occur subsequent to the time on any particular workday at which [the employee] ceases such principal activities.")  Further, even "principal" activities are not compensable if an employee spends only *de minimus* time on them.  *Albrecht*, 379 Fed. Appx. at 66.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Brookdale's Motion to Dismiss should be granted in its

entirety.


Dated:   New York, New York             Respectfully submitted,
         August 26, 2011
                                        SEYFARTH SHAW LLP


                                        By <u>/s/ Jeremi L. Chylinski</u>
                                            Lorie E. Almon
                                            Jeremi L. Chylinski
                                            620 Eighth Avenue, 32nd Floor
                                            New York, New York 10018
                                            (212) 218-5500

                                            Kristin G. McGurn
                                            SEYFARTH SHAW LLP
                                            Two Seaport Lane, Suite 300
                                            Boston, Massachusetts 02210
                                            (617) 946-4800

                                            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2011, I caused to be served a true and correct copy of

the foregoing Defendant's Reply Memorandum of Law in Further Support of Its Motion to

Dismiss Plaintiffs' Complaint and Stay Discovery, by filing same with the Clerk of the District

Court for the Eastern District of New York using the CM/ECF system, which sent notification of

such filing to:

> David C. Wims, Esq.
> Law Office of David Wims
> 1430 Pitkin Avenue, 2nd Floor
> Brooklyn, NY  11233
>
> *Attorney for Plaintiff*

>       s/ Jeremi L. Chylinski
>       Jeremi L. Chylinski