UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N

★   SEP 0 1 2011

BROOKLYN OFFICE

PEARL POLANCO, CAROL MCCARTHY,
WILMA STEEL-LOPEZ, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

            – against –

THE BROOKDALE HOSPITAL MEDICAL
CENTER

                    Defendant.

**MEMORANDUM &
ORDER**

11-CV-2102 (JBW) (RLM)

**JACK B. WEINSTEIN, Senior United States District Judge:**

APPEARANCES:

For Plaintiffs:

> David C. Wims, Esq.
> LAW OFFICE OF DAVID WIMS
> 1430 Pitkin Ave., 2nd Fl.
> Brooklyn, NY 11233

For Defendant:

> Jeremi L. Chylinski
> SEYFARTH SHAW LLP
> 620 Eighth Avenue
> New York, New York 10018



**Table of Contents**

I.      Introduction ................................................................................................................. 2

II.     Facts and Procedural History ...................................................................................... 3

III.    Law .............................................................................................................................. 3

    A.      Legal Standard ......................................................................................................... 3

    B.      FLSA ........................................................................................................................ 4

    C.      NYLL ....................................................................................................................... 5

    D.      NYLL Preemption under Section 301 of the LMRA ............................................... 5

    E.      FLSA Preclusion under Section 301 of the LMRA ................................................. 6

IV. Application of Facts to Law ........................................................................................... 7

    A.      NYLL Preemption under Section 301 of the LMRA ............................................... 7

    B.      FLSA Preclusion under Section 301 of the LMRA ................................................. 8

V.      Conclusion .................................................................................................................. 9

## I.      Introduction

These three plaintiffs, former employees of defendant the Brookdale Hospital Medical Center ("Brookdale Hospital"), bring independent claims only on their own behalf under the New York Labor Law ("NYLL") and the federal Fair Labor Standards Act ("FLSA"). They allege that defendant failed to pay them for work performed during lunch breaks and after the end of their regular forty-hour shifts in violation of state and federal law.

Although the title of the case reads "on behalf of themselves and all others similarly situated," at argument, named plaintiffs conceded that they were suing only on their own behalf.

2

Defendant moves to dismiss plaintiffs' claims on the grounds that the state claims are preempted and the federal claims are precluded by the Labor Management Relations Act ("LMRA"). For the reasons stated below, defendant's motion is denied.

## II.    Facts and Procedural History

Pearl Polanco was employed as a full-time ward clerk from 1987 to March 2010. Complaint ("Compl.") at ¶ 2. Carol McCarthy was employed as a full-time operating room technician from 1992 to November 2010. *Id.* at ¶ 3. Wilma Steel-Lopez was employed as a full-time filing clerk from 2001 to July 2009. *Id.* at ¶ 4. As full-time employees, plaintiffs typically worked eight hour shifts, with half an hour designated as a lunch break by defendant. *Id.* at ¶ 12.

They claim that they frequently worked during their lunch periods and after the end of their shifts in order to complete all of their assigned tasks, on average, approximately 45 hours per week. *Id.* Defendants, however, only paid plaintiffs for forty hours of work per week. *Id.* at ¶ 13.

Defendant moves to dismiss plaintiffs' complaint. For the reasons below, the motion is denied and the case is set down for prompt completion of discovery and trial.

## III.   Law

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of claims when the pleading party has failed "to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

3

1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. FLSA

Plaintiffs' federal labor and wage claims arise under section 216(b) of the FLSA. That section provides a private right of action to any employee whose employer violates the wages and hours provisions of the FLSA contained in sections 206 and 207 respectively. *See* 29 U.S.C. §§ 206, 207. Section 206(a) requires "[e]very employer" to pay a minimum wage to "each of his employees." *Id.* § 206. It is highly unlikely that the minimum wage requirement is in play because the hourly rates paid were far above any statutory minimum.

Section 207(a)(1) requires an employer to pay its employees overtime wages. *Id.* § 207. Under that section, employers must pay employees at a rate of not less than one and one-half times the employee's regular rate for hours worked in excess of forty hours per week. *Id.* § 207(a). The type of "work" covered by this section is defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily for the benefit of the employer and his business." *Holzapfel v. Newburgh*, 145 F.3d 516, 522 (2d Cir. 1998) (quoting *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944)).

In the specific context of an FLSA claim alleging violations of the minimum wage and overtime provisions of the FLSA, the "complaint should, at least approximately, allege the hours

4

worked, for which wages were not received." *Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).

### C. NYLL

Plaintiffs' state claims arise under section 663 of the NYLL.  That section provides employees with a private right of action against their employer if they are paid "less than the wage to which [they are] entitled under the provisions of [Article 19 of the NYLL]."  NYLL § 663.  Section 652 of the NYLL requires "every employer" to pay "each of its employees" a minimum wage "for each hour worked."  NYLL § 652.  As with plaintiffs' FLSA claims, it is highly unlikely that this provision is in play.

The administrative regulations promulgated under Article 19 of the NYLL require employers to pay their employees "for overtime at a wage rate of one and one-half times the employee's regular rate."  12 N.Y. Comp. Codes R. & Regs. § 142-2.2.

### D. NYLL Preemption under Section 301 of the LMRA

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties."  29 U.S.C. § 185(a).  The Supreme Court has interpreted this section to preempt state law claims "founded directly on rights created by collective bargaining agreements" as well as "claims 'substantially dependent upon an analysis of a collective bargaining agreement.'"  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988) (quoting *Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1989)).  According to the Court, preemption is necessary "to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable consistent resolution of labor-management disputes."  *Id.* at 404.  Any claim that challenges a

provision in a collective bargaining agreement ("CBA") must be brought under Section 301. *Allis-Chalmers*, 471 U.S. at 210; *Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) ("[P]laintiff's challenge to the lawfulness of a term of the CBA will require substantial interpretation of the CBA.").

Section 301, however, does not preempt state claims when state law confers an independent statutory right to bring a claim. *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) ("[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law . . . ."); *see also Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 260 (1994) ("Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law."). "[A]s long as the state-law claim can be resolved without interpreting the [CBA] itself, the claim is 'independent' of the agreement for § 301 preemption purposes." *Mack v. Metro-North Commuter R.R.*, 876 F. Supp. 490, 492 (S.D.N.Y. 1994) (citing *Norris*, 512 U.S. at 262). Even if resolution of a state-law claim "involves attention to the same factual considerations as the contractual determination . . . such parallelism [does not mandate preemption]." *Lingle*, 486 U.S. at 408. A defendant's reliance on the CBA is not enough to "inject a federal question into an action that asserts what is plainly a state-law claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

### E. FLSA Preclusion under Section 301 of the LMRA

Employees' rights to minimum wage and overtime pay under the FLSA are separate and distinct from employees' contractual rights arising out of an applicable collective bargaining agreement. *Andrako v. U.S. Steel Corp.*, 2008 WL 2020176, *4 (W.D. Pa., May 8, 2008) (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 745 (1981)). FLSA's "enforcement scheme grants individual employees broad access to the courts . . . and no

exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute." *Barrentine*, 450 U.S. at 740; *see also McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 289 (1984); *Tran v. Tran*, 54 F.3d 115 (2d Cir. 1995) (reversing lower court's holding that the plaintiff was required to exhaust his arbitral remedy prior to filing his FLSA claims). As the United States Supreme Court stated in *Barrentine v. Arkansas-Best Freight Systems*:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under [the statute], an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Barrentine*, 450 U.S. at 745-746 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)).

## IV. Application of Facts to Law

### A. NYLL Preemption under Section 301 of the LMRA

Defendant argues that plaintiffs' claims under the minimum wage and overtime provisions of the NYLL are preempted by Section 301 of the LMRA because it is necessary to interpret the CBA to determine whether plaintiffs have a valid claim under the NYLL. Specifically, defendant argues that plaintiffs' NYLL claims necessitate an interpretation of the CBA to determine how employees' hours of "work" are defined and how pay for such hours should be calculated. This argument is unavailing. Regardless of whether the facts alleged by plaintiffs constitute a violation of the CBA, they may also make out an independent claim under Article 19 of the NYLL.

Plaintiffs allege that they worked during their lunch period and after regular hours, and that they were not paid for this work. These facts, if proven, may establish a violation of an independent statutory right arising under the NYLL. New York law mandates that employees covered by NYLL be paid a minimum wage and one and a half times their regular wage for overtime work. NYLL § 652; 12 N.Y. Comp. Codes R. & Regs. § 142-2.2. Although the CBA may provide additional rights to the employees, it may not override independent statutory rights provided by NYLL. *See Consolidated Rail Corp. v. Hudacs*, 223 A.D.2d 289, 292, 645 N.Y.S.2d 933 (3d Dep't 1996) (applying the Railway Labor Act, and finding that it does not preempt provisions of the NYLL). Even if the CBA contains provisions and rights regarding "after hour" works identical to those in the NYLL, such "parallelism" does not mandate preemption. *Lingle*, 486 U.S. at 408.

Because plaintiffs' NYLL claims for a minimum wage and overtime pay are not preempted by Section 301 of the LMRA, defendant's motion to dismiss those claims is denied.

### B. FLSA Preclusion under Section 301 of the LMRA

Similarly, defendant argues that plaintiffs' FLSA claims are precluded by section 301 of the LMRA because the FLSA was not intended to impair the collective bargaining process. This argument also fails.

The FLSA confers upon plaintiffs statutory rights that are independent from the CBA. Specifically, the FLSA requires that employees be paid a minimum wage and time and half for all hours worked in excess of forty hours a week. 29 U.S.C. §§ 206, 207. The act's overtime provisions require that individuals be paid for any time spent working before and/or after their shifts. 29 C.F.R. § 785.13; *see also Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287-88 (2d Cir. 2008) ("It is clear an employer's actual or imputed knowledge that an employee is working

8

is a necessary condition to finding the employer suffers or permits that work. . . An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance."). Plaintiffs' allegation that they performed work after their scheduled shift but were not paid for performing such work asserts an independent FLSA violation that does not rest upon any interpretation of the CBA.

Plaintiffs' FLSA claims are independent, statutorily-conferred rights, distinct from any contractual rights granted under the CBA. They are not precluded by the LMRA. Defendant's motion to dismiss those claims is denied.

## V.      Conclusion

Defendant's motion to dismiss is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: August 30, 2011
        Brooklyn, New York

9