UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PEARL POLANCO, CAROL MCCARTHY, and : Case No. 11-CV-2102 (JBW)
WILMA STEEL-LOPEZ, *on behalf of themselves* :
*and all other employees similarly situated,* :
:
                            Plaintiffs, :
:
      v. :
:
THE BROOKDALE HOSPITAL MEDICAL :
CENTER, :
:
                            Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

Dated: New York, New York
        October 17, 2011

Lorie E. Almon
Jeremi L. Chylinski
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Kristin G. McGurn
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

Attorneys for Defendant

Defendant The Brookdale Hospital Medical Center ("Brookdale"), respectfully submits this memorandum of law in support of its Fed. R. Civ. P. 12(f) motion to strike the First Amended Complaint of plaintiffs Pearl Polanco, Carol McCarthy and Wilma Steel-Lopez (together, "Plaintiffs").

## I.     PRELIMINARY STATEMENT

Without leave of this Court or procedural authority, Plaintiffs filed a First Amended Complaint on September 30, 2011 - almost two months after their time to do so "as a matter of course" had expired. Plaintiffs have also made a number of changes to their theory of the case, despite the fact that this case is scheduled for trial next month. Moreover, the First Amended Complaint reiterates Plaintiffs' demand that this case proceed as a collective action, despite the fact that the Court has **twice** ordered that it will hear only Plaintiffs' individual claims. Plaintiffs' late-filed First Amended Complaint and their efforts to change their theory of the case without authorization, especially given the extremely tight schedule under which the parties are operating, is improper and prejudices Brookdale. The First Amended Complaint and all new claims and theories of recovery therein, including Plaintiffs' continual request that this case proceed as a collective action, should be stricken, with costs to Brookdale.

## II.    PROCEDURAL BACKGROUND

The relevant procedural background follows. Plaintiffs filed their original complaint on April 29, 2011. (*See* Docket No. 1.) Brookdale moved to dismiss that complaint pursuant to Fed. R. Civ. P. 12(b) on July 15, 2011. (*See* Docket Nos. 5 - 9.) On September 1, 2011, Your Honor issued a Memorandum and Order denying Brookdale's motion to dismiss and noted that "at argument, named plaintiffs conceded that they were suing only on their own behalf." (*See* Docket No. 13.) Plaintiffs moved for Reconsideration of the September 1, 2011 Memorandum

and Order on September 6, 2011, seeking reconsideration "of so much of Your [Honor's] most recent order that denied Plaintiffs the opportunity to move for collective certification." (*See* Docket No. 16.) Foreclosing any doubt as to whether Plaintiffs' collectively-pled claims could survive their waiver, on September 29, 2011 Your Honor denied Plaintiffs' Motion for Reconsideration (*see* Docket No. 24) and thereby established conclusively that this case will proceed only as a three plaintiff action.

Despite the Court's rulings, however, and without seeking Brookdale's consent or obtaining leave from the Court as required by Fed. R. Civ. P. 15 (a)(2), Plaintiffs filed a First Amended Complaint on September 30, 2011 – *fifty-six (56) days after* their time to do so "as a matter of course" had expired. Their First Amended Complaint should be stricken for this reason alone. As significantly, in direct contravention of Your Honor's Orders, Plaintiffs' First Amended Complaint inexplicably alleges a Fair Labor Standards Act ("FLSA") claim for overtime that Plaintiffs purport to bring on behalf of themselves and "all others similarly-situated." (*See* Docket No. 25.) Plaintiffs have also restyled their New York Labor Law ("NYLL") minimum wage claim as a "NYLL Wage Claim" wherein they allege, for the first time, that Brookdale failed to pay them "contractually agreed upon wages."[1] (*Id*.) Plaintiffs' rebuff of Your Honor's Orders along with their newly pled contract-based NYLL wage claim on the eve of trial prejudices Brookdale and are separate and equally compelling reason supporting striking Plaintiffs' First Amended Complaint.

For each of these reasons and those set forth below, the Court should strike Plaintiffs' First Amended Complaint.

---

[1] Plaintiffs' First Amended Complaint abandons their FLSA minimum wage claim. (Docket No. 25.)

2

### III.     ARGUMENT

A.     **Plaintiffs' First Amended Complaint Is Untimely**

Rule 15 of the Fed. R. Civ. P. governs the amendment of pleadings and specifies in what situations a Plaintiff may submit an amended pleading as a matter of course, and what circumstances require leave of the Court.  A party "may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)" Fed. R. Civ. P. 15(a)(1)(B), but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[2]

Without leave from the Court or Brookdale's consent, Plaintiffs filed their First Amended Complaint fifty-six days *after* their time to amend "as a matter of course" had expired.  Their First Amended Complaint is therefore untimely and should be stricken.  *See Peterson v. Cecot*, No. 09-CV-1056 (GTS), 2011 U.S. Dist. LEXIS 103984 (N.D.N.Y Sept. 14, 2011) (striking *pro se* plaintiff's complaint as violative of Fed. R. Civ. P. 15(a)(2)); *Brown v. W. Valley Envtl. Servs., LLC*, No. 10-CV-210A (HBS), 2010 U.S. Dist. LEXIS 86757, at *29 (W.D.N.Y. Aug. 24, 2010) (striking amended complaint filed "two months [after] the . . . deadline under amended Rule 15"); *McCartney v. Xerox Corp.*, No. 10-CV-6008 (MAT), 2010 U.S. Dist. LEXIS 82774, at *7-8 (W.D.N.Y. Aug. 13, 2010) (striking amended complaint filed "34 days after defendant's motion to dismiss was served").

---

[2] The advisory committee notes to Fed. R. Civ. P 15, which was amended effective December 1, 2009, state that "this provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion.  A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.  It also should advance other pretrial proceedings."

3

### B. Plaintiffs' First Amended Complaint Ignores Your Honor's Orders And Prejudices Brookdale

A district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004) (whether to grant a motion to strike is within the district court's sound discretion). Immaterial matter is "that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Lynch v. Southampton Animal Shelter Found., Inc*., No. 10-CV-2917 (ADS), 2011 U.S. Dist. LEXIS 83328, at *15-16 (E.D.N.Y. July 29, 2011) (citing *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005); *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (same). To have redundant, immaterial or impertinent matters stricken from a pleading, "the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633, 642 (S.D.N.Y. 2001) (citations omitted); *see also Brown*, 2010 U.S. Dist. LEXIS 86757 at *23 (the function of a Rule 12(f) motion is to clean up pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters).

Your Honor's September 1, 2011 and September 29, 2011 Orders establish that this case will proceed as a three plaintiff action, and not a putative collective action. (*See* Docket Nos. 13 & 24.) Nevertheless, Plaintiffs' late-filed First Amended Complaint alleges a FLSA overtime claim that Plaintiffs purport to bring as a collective action. (*See* Docket No. 25.) Plaintiffs' failure to comply with Your Honor's Orders and the resulting prejudice to Brookdale is a separate reason that mandates striking their First Amended Complaint. Indeed, because Your

4

Honor's Orders and Plaintiffs' own waiver have foreclosed any prospect of seeking conditional certification, there plainly is and will be no admissible evidence to support their improperly alleged collective claim and it therefore should be stricken. Along the same lines, it is beyond cavil that Plaintiffs' collective allegations have no bearing on the issues in this three-plaintiff case. Finally, and perhaps most significantly, Plaintiffs' improperly alleged collective claim significantly prejudices Brookdale. Should the Court decline to strike Plaintiffs' First Amended Complaint, Plaintiffs' collectively-pled FLSA claim would necessarily require additional discovery on whether it may proceed as a collective action and would certainly expand the scope of trial, which is scheduled to begin in less than one month.

Plaintiffs' newly-pled contract-based NYLL claim equally prejudices Brookdale as it involves a new theory of recovery that will require additional discovery and a resulting increase in time and expense prior to and during trial. *See Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005) (striking an affirmative defense and noting that "increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion") (citing *De Beers LV Trademark Ltd. v. De Beers Diamond Syndicate Inc.*, No. 04-CV-4099 (DLC), 2005 U.S. Dist. LEXIS 9307 (S.D.N.Y. May 18, 2005). Finally, Brookdale is entitled to finality with regard to Plaintiffs' waiver and Your Honor's Order concerning the collective nature of this case and the theories of recovery. Accordingly, the Court should strike Plaintiffs' First Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, Brookdale respectfully submits that the Court should strike Plaintiffs' First Amended Complaint and award to Brookdale such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 17, 2011

Respectfully submitted,

SEYFARTH SHAW LLP

By <u>s/ Jeremi L. Chylinski</u>
Lorie E. Almon
Jeremi L. Chylinski
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

Kristin G. McGurn
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

*Attorneys for Defendant*